IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

SHERIFF SIMON L. LEIS, JR.,

      Plaintiff,               :        Case No. 1:06-cv-054

                                     District Judge Susan J. Dlott
     -vs-                        Chief Magistrate Judge Michael R. Merz
                               :

AMERICAN CIVIL LIBERTIES UNION
OF OHIO FOUNDATION, INC.,

      Defendant.

**DECISION AND ORDER DENYING MOTION TO CONSOLIDATE**

This case is before the Court on Defendant's Motion to Consolidate it with *In re Cincinnati Policing*, 1:99-cv-3170 (Doc. No. 9). Plaintiff opposes consolidation (Doc. No. 10). Defendant's stated reasons for consolidation are judicial economy and to have before the Court in determining the merits of this matter the City of Cincinnati, the Fraternal Order of Police, and the United States Department of Justice. *Id*.

Fed. R. Civ. P. 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in the issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This case and *In re Cincinnati Policing* plainly share questions of law and fact. Consolidation is therefore within the discretion of the Court. However, the judicial economies which might have been realized by consolidation when this matter was assigned to Judge Watson

will presumably be realized by its transfer to Judge Dlott and reference to the undersigned, the judicial officers responsible for *In re Cincinnati Policing*.

Because the principal issue in this action is interpretation of the Collaborative Agreement entered into in *In re Cincinnati Policing*, all of the parties to that action would appear to be interested in its outcome, perhaps to the point of being necessary parties. See Fed. R. Civ. P. 20. However, consolidation will not make them parties to this action because consolidated actions retain their separate identity. *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-497 (1933)(Van Devanter, J.); *Patton v. Aerojet Ordnance Co.*, 765 F. 2d 604 (6th Cir. 1985); *Lewis v. ACB Business Servs., Inc.*, 135 F. 3d 389 (6th Cir. 1998). Furthermore, the Department of Justice, while an active participant in the discussions which led up to the Collaborative Agreement and in its implementation and a party to the Memorandum of Understanding which is incorporated by reference, is not formally a party to *In re Cincinnati Policing*.

Accordingly, the Motion to Consolidate is denied without prejudice to any motion which might make one or more of the parties in *In re Cincinnati Policing* parties to this action. To ensure that those parties are fully and timely informed of the proceedings herein, it is hereby ORDERED that counsel for Plaintiff shall provide copies of all documents heretofore filed in this case to each of the counsel of record in *In re Cincinnati Policing,* to Gregory Gonzalez (counsel for the Department of Justice), and to the Monitor (Saul Green) and Deputy Monitor (Richard Jerome). All documents hereafter filed in this action shall be served on all of these persons as well as on the parties and proof thereof shall be included in the certificate of service.

March 8, 2006.

                   s/ Michael R. Merz
                 Chief United States Magistrate Judge

H:\DOCS\Leis v. ACLU 02.wpd