**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

SIMON L. LEIS, JR.,
Sheriff of Hamilton County, Ohio,

Plaintiff, : Case No. 1:06-cv-054

- vs -

District Judge Susan J. Dlott
Chief Magistrate Judge Michael R. Merz

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF OHIO, INC.,

Defendant,

and :

CITY OF CINCINNATI, OHIO,

Intervenor-Defendant.

---

**DECISION AND ORDER**

---

This case is before the Court on Defendant ACLU's Emergency Motion for Declaratory Judgment Pending Final Resolution in this Case (Doc. No. 24). The Motion is not classified as "dispositive" by 28 U.S.C. §636(b)(1)(A) and is therefore a magistrate judge has authority to rule on it rather than recommending a disposition.

Plaintiff Simon L. Leis, Jr., the Sheriff of Hamilton County, Ohio, announced in October, 2005, the possibility that his department would begin policing patrols in the Over-The-Rhine neighborhood of the City of Cincinnati. Defendant ACLU welcomed that additional police protection for the citizens, but insisted the Sheriff should operate under the Collaborative Agreement

to govern policing in the City, negotiated in 2002 among the City, the Fraternal Order of Police, the ACLU, and the Black United Front.[1] The Sheriff demurred and brought this action to obtain a declaration of the obligations, if any, imposed on him and his department by the Collaborative Agreement.

The Sheriff originally sought relief in the Hamilton County Common Pleas Court, but the ACLU removed the case to this Court which had supervised the negotiations and eventually entered the Collaborative Agreement as a court order. Sheriff Leis moved to remand, but has never filed objections to the recommended decision that this Court retain jurisdiction.[2] Shortly after remand was denied, the City of Cincinnati intervened in the case, also asserting that the Sheriff should be bound by the Collaborative Agreement when performing policing activities in the City.

Once the remand motion was denied, the parties agreed on a schedule for resolution of this case and the Court adopted that schedule (Doc. Nos. 20, 22). Under the schedule, discovery is to be completed by August 15, 2006, and summary judgment motions would be filed by September 15, 2006, with a decision to follow as soon as possible thereafter. The Court emphasizes that this schedule was proposed by and agreed to by all parties, including the Sheriff.

However, rather than wait for the relief he himself requested, Sheriff Leis began the patrols

[1]The Collaborative Agreement incorporates the terms of the Memorandum of Understanding between the City of Cincinnati and the United States Department of Justice entered into at the same time as a result of the DOJ's investigation of City policing practices.

[2]At the Sheriff's request, the Motion to Remand was handled on an extremely expedited basis. The Motion to Remand became ripe for decision on March 8, 2006, and a recommended decision was filed March 13, 2006. However, rather than press his request for a prompt ruling, the Sheriff then stipulated that his time to object would be extended until the undersigned recommended a decision on the merits, thus permitting this Court to continue to exercise jurisdiction without objection.

on August 1, 2006. During an emergency conference with the Court that day, the Sheriff, through counsel, refused without explanation a request to delay the patrols pending a court decision. The ACLU's Motion followed the same day and the Sheriff and City have briefed the matter on an expedited basis.[3]

The ACLU seeks an emergency declaration that, pending final decision of this case, the Collaborative Agreement is binding on Sheriff Leis and his patrols inside the City are subject to it (Doc. No. 24 at 3-4). The City of Cincinnati has responded that it neither objects to the Sheriff's patrols nor to the ACLU request that the Sheriff be subject to the Collaborative Agreement pending final decision (Doc. No. 25).

Sheriff Leis opposes the ACLU's Motion on a number of grounds[4]. He asserts first of all that it is without evidentiary support, asking the Court to exclude the letters between the Sheriff and Chief Streicher attached to the Motion. Despite that objection, the Sheriff himself makes unsupported factual assertions, such as these patrols are in response to "urgent public requests."

Glaringly absent from the Sheriff's Memorandum is any explanation of why, having invoked the Court's jurisdiction, he has now proceeded without awaiting the relief he sought. What has changed his mind? He does not say. Surely it cannot be delay by the Court, for we are proceeding

[3]The public may have expected a decision last week (See Cincinnati Enquirer story "Police await judge's decision" which predicted a decision as early as August 3, 2006. Viewed at http://news.enquirer.com/apps/pbcs.dll/article?AID=/20060803/NEWS01/608030375/1056). The Magistrate Judge was, however, in Washington, D.C., on official business on August 2, 3, and 4, 2006.

[4]The Sheriff is correct that it would be inappropriate in this case for the Magistrate Judge to seek *ex parte* input from Saul Green, the Collaborative Monitor in *In re Cincinnati Policing*. Without foreclosing eventual input from Mr. Green in this case, the Court has not consulted him *ex parte* prior to this Decision.

on the schedule he proposed and agreed to; if he believed a quicker answer was needed, he could always have moved to amend the schedule. He does not claim that the Cincinnati Police have become less effective since he filed the suit and the citizens cannot wait any longer. Nor does he suggest how his department's effectiveness would be in any way impaired by complying with the Collaborative Agreement until this case is decided. In sum, the Sheriff makes no policy case for his position at all.

Instead of stating whatever objections he has to the Collaborative, the Sheriff asserts that the law does not recognize declaratory relief pending trial, that the relief the ACLU seeks is in the nature of preliminary injunctive relief, and the ACLU has not made an adequate showing to be entitled to such relief. He asserts that, as an independently elected law enforcement officer, he has general authority to enforce the law inside the City of Cincinnati without reference to the Collaborative Agreement, to which he is not a party.

To obtain a preliminary injunction a party must show:

> 1) A strong or substantial likelihood or probability of success on the merits;
> 2) Irreparable injury;
> 3) That issuance of a preliminary injunction would not cause substantial harm to others; and
> 4) That the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n, Inc*., 119 F.3d 453, 459 (6th Cir.1997) (*en banc*); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co*., 755 F.2d 1223, 1228 (6th Cir. 1985).

The Sheriff asserts that the ACLU has not made out a case for preliminary injunctive relief, but that is far from clear. As the ACLU notes, ¶ 12 of the Collaborative Agreement provides that it is binding on all persons in active concert with any of the parties. It is at least arguably the case that this is what is happening under the protocol negotiated between the Sheriff and the Chief of Police. As noted above, the Sheriff has made no showing that it would impose any harm on him, much less substantial harm, to comply with the Collaborative Agreement until this case is decided. Certainly the public interest would be well served by having the routine police patrols in Over-The-Rhine subject to the same procedures which would be less confusing to the citizens.

However, the ACLU has not requested preliminary injunctive relief.[5] Instead, it has requested a form of relief – interim declaratory relief – which this Court does not have power to grant. 28 U.S.C. §2201 authorizes federal courts in appropriate circumstances to enter declaratory **judgments** which will have "the force and effect of a final judgment or decree and shall be reviewable as such." That declaratory relief be final and binding on the parties is probably necessary to avoid the constitutional prohibition on advisory opinions by federal courts, a prohibition which delayed for many years adoption of the Declaratory Judgment Act. *Compare Muskrat v. United States*, 219 U.S. 346 (1911), and *Willing v. Chicago Auditorium Assn*., 277 U.S. 274 (1928), with *Nashville, C & St. L. Ry. Co. v. Wallace*, 288 U.S. 249 (1933). Put simply, interim declaratory relief would merely constitute a court's expression of opinion about how it probably will decide the case. However useful such an opinion might be in many instances, it is beyond the power scope of federal judicial authority.

[5]Indeed, as the Sheriff notes, the ACLU has not filed a counterclaim in this case to request the Court to declare the Collaborative Agreement is binding on the Sheriff. All it has asked is that the Complaint be dismissed with prejudice.

The Emergency Motion for Declaratory Judgment Pending Final Resolution in this Case is therefore denied.[6]

August 8, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

[6]Plaintiff's Motion to Strike (Doc. No. 28) is denied as moot. The Court has not relied on any of the materials attached to the Reply Memorandum in deciding the underlying Motion.