# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SIMON L. LEIS, JR.,
 Sheriff of Hamilton County, Ohio,

                Plaintiff,          :   Case No. 1:06-cv-054

    - vs -                      District Judge Susan J. Dlott
                                   Chief Magistrate Judge Michael R. Merz

AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION OF OHIO, INC.,

                Defendant,

   and                           :

CITY OF CINCINNATI, OHIO,

                Intervenor-Defendant.

---

## DECISION AND ORDER DENYING MOTION TO RECUSE

---

      This case is before the Court on Plaintiff's Motion to Recuse made pursuant to 28 U.S.C. § 455 (Doc. No. 32).

      Motions to recuse under §455 are to be decided in the first instance by the judicial officer sought to be disqualified. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F.2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

      The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is

not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

Plaintiff asserts an inconsistency between the roles assigned to me in this case and in *In re Cincinnati Policing,* Case No. 1:99-cv-3170. Plaintiff correctly characterizes the role in this case as purely judicial: interpreting the Collaborative Agreement and deciding the contested question whether a non-party is subject to it.

Plaintiff however characterizes my role under the Collaborative Agreement very differently: "As the Conciliator, Judge Merz has been tasked with insuring the success of the Collaborative Agreement and compliance with its terms. . . . [H]e must placate the parties to the Collaborative Agreement, advise them, and resolve disputes between them. . . ." (Doc. No. 32 at 1). This characterization misunderstands the role assigned by the Collaborative Agreement and this Court's Order of Reference after the Collaborative Agreement was signed. ¶ 97 provides that the undersigned will be appointed as Conciliator "pursuant to Fed. R. Civ. P. 53." ¶¶ 110-113 provide that the Conciliator is to determine from the Monitor's quarterly reports if the parties are in compliance with the Collaborative Agreement and, if not, to "issue an ordering directing such compliance pursuant to Fed. R. Civ. P. 53." *Id*. at ¶ 113. Judge Dlott's Order of Reference (Doc. No. 92) specifically says that it is made pursuant to Fed. R. Civ. P. 53.

2

Of course, appointment as a special master under Rule 53 is a frequent role for United States Magistrate Judges and is in no way inconsistent with their position as independent judicial officers. Nothing in either the Collaborative Agreement, the Order of Reference, or Fed. R. Civ. P. 53 requires the undersigned to placate anyone, advise anyone, or resolve any disputes among them except when acting in a judicial capacity.  For that reason, the undersigned has carefully refrained since appointment as Conciliator under Fed. R. Civ. P. 53 from any *ex parte* contacts with any of the parties, even when trying to mediate disputes under the Agreement.  While the title "Conciliator," which was chosen by the parties, may imply a different approach, in fact the role is purely as a special master.

For these reasons, the roles I have been assigned in both of these cases are completely compatible.  In both I am responsible when called upon to interpret and apply the Collaborative Agreement impartially and in a judicial capacity.

A judge is not disqualified because she or he has participated in settlement negotiations.  In *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437 (2nd Cir. 2005), the Second Circuit held that knowledge about a case a magistrate judge gained from the discharge of his judicial function in managing the settlement negotiations was not grounds for disqualification under 28 U.S.C. § 455(b)(1).

If the Sheriff's objection is that I am committed to the success of the Collaborative Agreement, it is my judicial role which requires that commitment.  The Collaborative Agreement is an order of this Court.  Surely a judge cannot be disqualified because he or she is, and is perceived to be, committed to carrying out the court's orders.

The motion to recuse is denied.

August 10, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge